UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICAELA OCHOA,

        Plaintiff,

    v.

SANTA CLARA COUNTY OFFICE OF
EDUCATION, et al.,

        Defendants.

Case No.16-cv-03283-HRL

**ORDER RE: PLAINTIFF'S MOTIONS
IN LIMINE NOS. 1 AND 3 AND
DEFENDANTS' MOTIONS IN LIMINE
NOS. 1 AND 5**

Re: Dkt. Nos. 58, 61, 65

Plaintiff Micaela Ochoa ("Ochoa"), an ex-employee of Defendant Santa Clara County Office of Education ("SCCOE"), sues her former employer and Defendant Jon Gundry ("Gundry"), the Superintendent, for retaliatory termination in violation of her First Amendment rights and California Labor Code Section 1102.5. The parties appeared for a pre-trial conference on August 1, 2017. This order addresses four motions in limine presented by the parties.

**Plaintiff's Motion in Limine No. 1**

In her first motion in limine, Ochoa seeks to exclude evidence of the compensation she received for the year remaining on her contract. Ochoa argues that the compensation is irrelevant to whether her contract would have been renewed and to the damages she should receive (especially given that she is not seeking lost wages for the year following her termination). Finally, Ochoa asserts that evidence of this compensation is confusing and unfairly prejudicial.

Evidence is relevant if it has "any tendency" to make a material fact more or less probable. Fed. R. Evid. 401. "Irrelevant evidence is not admissible." Fed. R. Evid. 402. The court may exclude even relevant evidence if its probative value is "substantially outweighed" by a danger of unfair prejudice, confusion, or waste of time. Fed. R. Evid. 403.

Ochoa's compensation is relevant to her claimed damages for lost future earnings. She

will have to present evidence about her salary to prove any such damages, and the compensation she has already received is relevant to how much more she would have received had her employment not been terminated. The court is also not persuaded that evidence of Ochoa's post-termination compensation is either unfairly prejudicial or confusing.

Plaintiff's first motion in limine is denied.

### Plaintiff's Motion in Limine No. 3

In her third motion in limine, Ochoa seeks an order excluding testimony referring to the closed session meeting of the SCCOE School Board at which Gundry reportedly received assurances that he had support for terminating Ochoa's employment. Ochoa argues that Defendants should not be permitted to claim that this meeting is privileged pursuant to the Brown Act and then insinuate that the contents of the meeting favored their case. Defendants respond that they should be able to present evidence of Gundry's state of mind before and after the meeting, even if the Brown Act prohibits them from discussing the contents of the meeting itself.

Plaintiff cites no legal authority in support of her motion and provides no persuasive reason for excluding any reference to the closed session meeting. The timing of the meeting—like the timing of Ochoa's second alleged speech act—is probative of Gundry's reasons for terminating Ochoa's employment. Ochoa states no potential prejudicial effect that outweighs this probative value.

Plaintiff's third motion in limine is denied.

### Defendants' Motion in Limine No. 1

Defendants move to exclude three *San Jose Inside* articles by Josh Koehn (Plaintiff's Exhibits 15, 18, and 42), requesting that Plaintiff be prohibited from presenting or reading the articles to the jury. Defendants argue that the articles are irrelevant (because Gundry had already instructed his staff to draw up termination letters and paperwork before the articles were written), inadmissible hearsay, inadmissible lay opinion testimony, and unfairly prejudicial.

The articles are relevant to Ochoa's claims. As the court recognized in its summary judgment order: "a reasonable jury could infer [from the presence of the articles and the surrounding circumstances] that Gundry cared about Koehn's continued investigations, that

2

[Gundry] may have been irked by Ochoa's insistence that additional contracts should be produced to Koehn, and that [Ochoa's] speech may have been a substantial factor in [Gundry's] decision to terminate Ochoa's employment."  Additionally, as Gundry did not pull the trigger on terminating Ochoa's employment until July, the publication of these articles (in May and June) and the related CRPA request may have influenced his ultimate decision, even if he had asked for termination letters to be drafted at an earlier date.  This is a factual question for the jury.

Turning to Defendants' other objections, the articles are not inadmissible hearsay or inadmissible opinion testimony as they are not offered for the truth of the matter asserted.  Ochoa is not trying to prove the contents of the articles, but merely the fact that they were published and circulating in the public realm at the time.  *See Von Soher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010), *overruled on other grounds by Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119, 1125-26 (9th Cir. 2002).

Finally, the court is not persuaded that the probative value of the articles is substantially outweighed by the danger of unfair prejudice or confusion.  The articles, especially when coupled with a limiting instruction, are not likely to suggest decision on an improper basis.

Defendants' first motion in limine is denied.  The court will issue a limiting instruction directing the jury to consider the articles for the fact of their publication and circulation only and not for the truth of their content.  Defendant may submit proposed language for such a limiting instruction by December 15, 2017.

## Defendants' Motion in Limine No. 5

The court is not persuaded that the use of a jury questionnaire will save time or produce a better jury and declines to use a jury questionnaire.  To the extent that Defendants' fifth motion in limine requested a jury questionnaire, the motion is denied.

**IT IS SO ORDERED.**

Dated: 8/17/2017

_____
HOWARD R. LLOYD
United States Magistrate Judge

3